# Exhibit A

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| YOST GALLAGHER CONSTRUCTION, a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendant. | Case No. 25-2-02384-32<br><br>**AMENDED COMPLAINT** |

Plaintiff Yost Gallagher Construction ("Yost") alleges as follows:

## I.     PARTIES

1. Yost is a Washington corporation doing business in Spokane County, Washington.

2. Defendant Pennsylvania Lumbermens Mutual Insurance Company ("PLM") is a Pennsylvania corporation that does business in Spokane County, Washington.

## II.     JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to RCW 2.08.010.

4. Venue is proper in this Court pursuant to RCW 4.12.025 and RCW 48.05.220 because the cause of action arose in Spokane County, Washington.

AMENDED COMPLAINT - 1

4935-5475-3358.1

Miller Nash LLP
605 5th Avenue S, Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

### III.    FACTUAL BACKGROUND

1. Yost contracted with University Winston I, LLC for the construction and completion of Aspen Dental Spokane Valley Shell, 4805 E. Sprague Ave., Spokane Valley, Washington (the "Project").

2. On or about September 14, 2021, Yost entered into a subcontract with Kodiak Building Partners, Inc., d/b/a Mandere Construction ("Mandere"), to perform certain labor and furnish materials for the Project.

3. Pursuant to the subcontract, Mandere was required to secure and maintain certain insurance policies, including Commercial General Liability Insurance, naming Yost as an Additional Insured under the policies.

4. In accordance with the subcontract, Mandere secured and maintained a Commercial General Liability policy from Defendant PLM (the "Policy"). The Policy provides coverage for bodily injuries and property damage that occurred between September 1, 2021, and September 1, 2022. Yost was furnished a Certificate of Liability Insurance identifying Yost as an Additional Insured under the Policy.

5. On March 12, 2024, Richard Smith filed a complaint against Yost and other defendants in the Spokane County Superior Court (*Smith v. Horizon Retail Construction, Inc.*, et al., Case No. 2-2-01282-32) (the "Smith Litigation"). In his complaint, Mr. Smith alleges that he is an employee of Mandere who was injured while working on the Project on November 8, 2021. More specifically, Mr. Smith contends that he suffered severe, permanent, and debilitating injuries when he fell into a hole on the Project jobsite. Mr. Smith alleges that Yost is liable for the damages he allegedly suffered during the course of performing work for Mandere.

6. On March 21, 2024, Yost, by and through its counsel in the Smith Litigation, tendered the defense of the Smith Litigation, and requested indemnity regarding the same, to PLM via its named insured, Mandere. Yost's letter enclosed copies of the subcontractor agreement between Mandere and Yost, the Certificate of Liability insurance naming Yost as an

AMENDED COMPLAINT- 2

4935-5475-3358.1

Miller Nash LLP
605 5th Avenue S, Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

1  additional insured under the PLM policy, and the complaint in the Smith Litigation. PLM did not
2  respond to this letter.

3        7.      On May 28, 2024, Yost, by and through its counsel in the Smith Litigation, again
4  tendered the complaint in the Smith Litigation to PLM for defense and indemnity. The letter,
5  sent via U.S. Mail to PLM's office in Philadelphia, enclosed copies of the subcontractor
6  agreement between Mandere and Yost, the Certificate of Liability insurance naming Yost as an
7  additional insured under the PLM policy, and the complaint in the Smith Litigation. PLM did not
8  respond to this letter.

9        8.      Having received no response from PLM, Yost was forced to incur the burden and
10  expense of defending the Smith Litigation.

11        9.      On September 10, 2024, Yost, by and through its insurer, Alaska National, once
12  again tendered the complaint in the Smith Litigation to PLM for defense and indemnity. The
13  Alaska National letter, which enclosed copies of the prior tender letters and the enclosures
14  thereto, was sent via email and via U.S. Mail to the same Philadelphia office address to which
15  the May 28, 2024 letter had been sent.

16        10.     The following week—nearly seven months after the claim had initially been
17  tendered—PLM provided its first substantive response to Yost. Confusingly, and in apparent
18  disregard for PLM's duties to Yost as an additional insured, PLM's claims examiner claimed to
19  "not have sufficient material to determine any duties Mandere Construction may owe your
20  clients," and requested any "expert reports [Yost has] received to date which confirm the work
21  performed and or products supplied by Mandere Construction are the cause of the resultant
22  damage experienced by [Yost]." Alaska National responded by stating that PLM could determine
23  its duty to defend by reference to the complaint, the operative contract, and the policy
24  language—all of which PLM already possessed. Nevertheless, Alaska National stated that Yost's
25  counsel in the Smith Litigation (copied on the email) could "provide you with whatever
26  additional information or documents you need to determine whether you own a duty to defend."

AMENDED COMPLAINT- 3

4935-5475-3358.1

Miller Nash LLP
605 5th Avenue S, Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

Yost's counsel promptly re-sent the March 21, 2024 tender letter package and additional pleadings filed in the Smith Litigation. The pleadings included Yost's answer and third-party complaint against Mandere in the Smith Litigation, which alleged, among other things, that "[Mandere] is primarily responsible for Plaintiffs' damages, if any, as any such damages would be directly and proximately caused by the negligence of [Mandere]." In addition to providing these documents, Yost's counsel inquired as to whether any other documents were needed by PLM. PLM did not respond to the correspondence from Alaska National and Yost's counsel.

11. One month later, on October 24, 2024, Yost's counsel in the Smith Litigation again wrote to PLM's claims examiner, requesting an update on the status of PLM's review of the claim. Once again, PLM failed to respond.

12. On March 24, 2025—more than a year after the claim had been tendered, and over five months after PLM acknowledged receipt of the claim —Alaska National demanded that PLM confirm whether it accepted its duty to defend Yost from the Smith Litigation without reservation and to reimburse Alaska National for all defense costs incurred. The email stated that by failing to provide a substantive response, "PLM has now waived all coverage defenses to the action" and "has acted in bad faith and violated Washington law." Incredibly, PLM did not provide any response whatsoever.

13. By failing to respond to the claim within a reasonable time, failing to provide a written explanation of its position on coverage, and failing to provide a defense in the Smith Litigation, PLM unreasonably and inexplicably breached its duty to defend Yost.

14. As a result of PLM's conduct, Yost has been forced to defend itself in the Smith Litigation and to retain coverage counsel in an effort to compel PLM to discharge its duties.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

15. Yost realleges and incorporates by reference each and every preceding paragraph.

16. PLM's acts and omissions described herein constitute an unreasonable breach of its insurance contract with Yost.

AMENDED COMPLAINT- 4

4935-5475-3358.1

Miller Nash LLP
605 5th Avenue S, Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

17. As a result of PLM's breach, Yost has been damaged in an amount to be proven at trial, but not less than $75,000.

## SECOND CAUSE OF ACTION: COMMON LAW BAD FAITH

18. Yost realleges and incorporates by reference each and every preceding paragraph.

19. PLM's acts and omissions described herein were unreasonable, frivolous, and/or unfounded and, therefore, constitute bad faith.

20. PLM's bad faith has directly and proximately damaged Yost in an amount to be proven at trial, but not less than $75,000.

## THIRD CAUSE OF ACTION: PER SE AND NON PER SE VIOLATIONS OF CONSUMER PROTECTION ACT

21. Yost realleges and incorporates by reference each and every preceding paragraph.

22. PLM's acts and omissions as described above violated multiple provisions of WAC 284-30-330, including, but not limited to, subsections (2), (3), (4), (5), (6), and (13); such violations are per se violations of RCW 19.86, Washington's Consumer Protection Act (the "CPA").

23. PLM's acts and omissions also constitute non-per se violations of the CPA. As pled above, such unreasonable acts and omissions were unfair or deceptive; occurred in trade or commerce; and affect Washington's policyholders and the public interest.

24. PLM's unfair or deceptive acts and omissions directly and proximately caused and continue to cause Yost to suffer damages in an amount to be proven at trial, but not less than $75,000. These damages include, but are not limited to, the deprivation of benefits owed to Yost under the Policy and the costs associated with bringing this action for coverage, including court costs and attorneys' fees.

25. Yost is entitled to recover treble damages and attorneys' fees up to the statutory maximum for each violation.

AMENDED COMPLAINT- 5

4935-5475-3358.1

Miller Nash LLP
605 5th Avenue S, Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

**PRAYER FOR RELIEF**

WHEREFORE, Yost prays for relief against PLM's as follows:

1. For a judgment for money damages in an amount to be proven at trial, but not less than $75,000;

2. For treble damages up to the statutory maximum as allowed under the Consumer Protection Act;

3. For an award of attorney fees, expert costs, and other costs allowed by statute, common law and/or Washington regulatory law;

4. For prejudgment interest accruing until the date judgment is entered; plus post-judgment interest at the statutory rate; and

5. For such other and further relief as the Court deems just and equitable.

DATED this 20th day of June, 2025.

s/ *Tristan N. Swanson*
Tristan N. Swanson, WSBA No. 41934
Nicholas Hesterberg, WSBA No. 41970
MILLER NASH LLP
605 5th Ave S, Ste 900
Seattle, WA 98104
Tel: (206) 777-7530
Fax: (206) 340-9599
Email:  tristan.swanson@millernash.com
nick.hesterberg@,millernash.com

*Attorneys for Plaintiff Yost Gallagher Construction*

AMENDED COMPLAINT- 6

4935-5475-3358.1

Miller Nash LLP
605 5th Avenue S, Suite 900
Seattle, WA 98104
206.624.8300 | Fax: 206.340.9599

## DECLARATION OF SERVICE

I hereby declare under penalty of perjury under the laws of the state of Washington, that on this 20th day of June, 2025, the foregoing document was served on the following at the address and via the method listed below.

| | |
|---|---|
| Gregory S. Worden, WSBA 24262<br>Alexander A. Jurisch, WSBA 53352<br>1111 Third Avenue, Suite 2700<br>Seattle, WA 98101<br>Tel: (206) 436-2020<br>Email: gregory.worden@lewisbrisbois.com<br>alex.jurisch@lewisbrisbois.com<br>grace.kositzky@lewisbrisbois.com<br>julie.barnett@lewisbrisbois.com | ☐ U.S. Mail, Postage Prepaid<br>☒ Hand Delivered via Legal Messenger<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☒ Email / E-Service |

SIGNED at Lynnwood, Washington this 20th day of June, 2025.

*s/Catherine Berry*
Catherine Berry

AMENDED COMPLAINT- 7

4935-5475-3358.1

**Miller Nash LLP**
**605 5th Avenue S, Suite 900**
**Seattle, WA 98104**
**206.624.8300 | Fax: 206.340.9599**